# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1113V

* * * * * * * * * * * * * * * * * * * * * * * * * *

ANDREA JORDAN,

    Petitioner,

  v.

SECRETARY OF HEALTH AND
HUMAN SERVICES

    Respondent.

* * * * * * * * * * * * * * * * * * * * * * * * * *

Filed: August 8, 2022

Reissued for Public Availability:
September 13, 2022

*Andrea Jordan*, Atlanta, GA, *pro se* Petitioner.

*Jamica Littles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On March 25, 2021, Andrea Jordan filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she suffered from anaphylaxis allergic reaction, dizziness, sore throat, difficulty swallowing, soreness in her

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

Pursuant to Vaccine Rule 18(b), this Decision was initially filed on August 8, 2022, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

chin, and shoulder pain, after receipt of her second Hepatitis B ("Hep. B") vaccine administered on March 10, 2021.

Petitioner filed a status report on May 26, 2022, requesting that a decision be made based upon what had been filed in the case. Status Report, dated May 26, 2022, at 1 (ECF No. 44). I subsequently held a status conference on July 11, 2022, to discuss the matter. Respondent requested that at the time that he be allowed to file a Rule 4(c) Report, seeking dismissal of the case, and he did so. Respondent's Report, dated July 14, 2022 (ECF No. 47) ("Respondent's Rep."). I thus set a deadline of July 29, 2022, for Petitioner to respond in writing to the Motion to Dismiss. Scheduling Order, dated July 14, 2022 (ECF No. 48). Petitioner has not filed anything to date, and this is now ripe for decision.

Under Vaccine Rule 21(b), a special master may dismiss a petition for failure of the petitioner to prosecute or comply with any order of the special master. In this case, Petitioner had previously been warned that the record did not contain sufficient evidence to support her claim (in particular establishing that she experienced six months of symptoms severity). Order, dated April 21, 2022 (ECF No. 43). This was in fact the basis for Respondent's dismissal motion. Respondent's Rep. at 6. Petitioner's treatment also did not include other evidence of "inpatient hospitalization or surgical intervention," that would meet the statutory severity requirement. *Id.* Accordingly – and despite fair opportunity to provide it – there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim cannot succeed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, and pursuant to Vaccine Rule 21(b)(2), the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.